IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **KENNETH WADE LYNCH,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| | § | Civil No. 7:09-CV-129-O |
| **v.** | § | |
| | § | |
| | § | |
| **WALMART,** | § | |
|     **Defendant.** | § | |

## FINDINGS AND RECOMMENDATION

After reviewing Plaintiff's Complaint, I find that a hearings of the Motions to Appoint Counsel and for Speedy Trail and the conducting of further proceedings in the case are unnecessary. This case is frivolous. Reviewing Plaintiff's inarticulate and rambling Complaint discloses that the gravamen of his complaint is that he wants to collect a "cash settlement (sic) of 3 Trillion dollars in property & cash" because the TV news people said that he had "won a verbal law suit" against WalMart Stores, apparently arising out of statements made by "the people of WalMart." Also, he wants all of WalMart's assets frozen until the court has "settled the case against them."

There is no federal question raised. No constitutional issue is raised. No diversity of citizenship shown alleged or shown. No ground for the exercise of federal jurisdiction for this case exists. If there was a lawsuit, and if Plaintiff indeed was awarded damages, this post-judgment collection action belongs in state court, at best.. The complaint should be dismissed without prejudice pursuant to 28 U.S.C. §1915 (e)(1)(B)(ii) and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As to the issue of appointment of counsel, I find that appointment of counsel will not cure the jurisdictional and pleading deficiencies of Plaintiff's Complaint. There is no automatic right to the appointment of counsel in a civil rights action filed by a litigant proceeding *in forma pauperis*. *E.g., Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). No constitutional right to appointment of counsel exists in civil cases, even civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). Therefore, at the very least, before considering whether the assistance of counsel would benefit the plaintiff

and/or the court by applying the Fifth Circuit's four *Jackson* criteria, at the very least the court should require that the petitioner to allege a colorable claim. In this case, the Plaintiff has not even alleged a "colorable claim."

Accordingly, I recommend to the District Court that appointment of counsel be denied and that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(1)(B)(ii), and Rules 12(b)(1) and 12(b)(6) and that the Court include a warning about sanctions for frivolous filings.

It is so FOUND and RECOMMENDED, this 25th day of August, 2009.

*Robert K. Roach*
**Robert K. Roach**
**UNITED STATES MAGISTRATE JUDGE**

Standard Instruction to Litigants

        A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).